UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR07-172-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| CHINH TAN LE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:     Conspiracy to Manufacture Marijuana; Manufacture of Marijuana

<u>Date of Detention Hearing</u>:   May 11, 2007

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.   Defendant is Indicted on charges involving what is described as large-scale marijuana cultivation operation in Enumclaw, Washington. The maximum penalty of the offenses

DETENTION ORDER                                                                                     15.13
18 U.S.C. § 3142(i)                                                                              Rev. 1/91
PAGE 1

is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. §3142(e).

2.  The complaint upon which the defendant was initially arrested alleges that the defendant stated at the time of his arrest that he was hired and transported to the United States from Canada to take care of the marijuana plants. The defendant has no ties to this District. He has family in Canada. He provided inconsistent information about his residence in Canada. He is unemployed and reported to have alcohol and mental health problems.

3.  The defendant does not contest detention.

4.  Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)  The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 11th day of May, 2007.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge